UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

RODERICK BATTLE,

Defendant.

CRIMINAL ACTION NO.
1:23-CR-00280-JPB-JSA-1

## ORDER

This matter comes before the Court on the Magistrate Judge's Non-Final Report and Recommendation regarding Defendant's Motion to Suppress Search (the "Search R. & R.") [Doc. 66] and the Magistrate Judge's Non-Final Report and Recommendation regarding Defendant's Motion to Suppress Statements (the "Statements R. & R.") [Doc. 67]. This Court finds as follows:

## BACKGROUND

The Search R. & R. and Statements R. & R. set forth the facts and procedural history of this case in detail. See [Doc. 66, pp. 1–6]; [Doc. 67, pp. 1–10]. This Court incorporates those facts by reference here and adopts all facts to which no party objects. In short, Defendant has been charged with, *inter alia*, drug trafficking and firearms offenses. [Doc. 53, p. 1]. Defendant filed two motions to suppress, arguing that a search warrant executed at 57 Macon Place, Atlanta,

Georgia was invalid; thus, any evidence produced therefrom is inadmissible. [Doc. 37]. Likewise, Defendant argues that his statements to law enforcement officers after the search were involuntarily given and obtained in violation of the Fourth Amendment and, as such, should also be suppressed. [Doc. 38]. Thereafter, Defendant filed an Amended Motion to Suppress Evidence from the search of 57 Macon Place. [Doc. 41]. After extensive briefing and an evidentiary hearing, United States Magistrate Judge Justin S. Anand issued the Search R. & R. and Statements R. & R. wherein he recommends that this Court deny both of Defendant's motions. [Doc. 66]; [Doc. 67]. Defendant filed objections to each R. & R. [Doc. 71]; [Doc. 73]. These matters are now ripe for review.

## ANALYSIS

A district judge has broad discretion to accept, reject or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of a Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected-to portion under a "clearly erroneous" standard. See also Fed. R. Crim. P. 59(b)(3).

Notably, a party objecting to a recommendation "must specifically identify those findings objected to. Frivolous, conclusory, or general objections need not be

considered by a district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988). "It is critical that the objection be sufficiently specific and not a general objection to the report." Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006). It is reasonable to place this burden on the objecting party because "[t]his rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009).

Because Defendant objected separately to each Report and Recommendation, the Court will subsequently address the objections to the Search R. & R. and the Statements R. & R. individually.

## I. The Search R. & R.

This Court finds that Defendant's objections to the Search R. & R. are not proper objections that trigger *de novo* review. Defendant's objections to the Search R. & R. set forth general disagreements with the Magistrate Judge's conclusions of law,[1] and point the Court only to Defendant's previous filings as the basis for his objections. See [Doc. 71]. Thus, Defendant attempts to relitigate the entirety of his Motion to Suppress Search, rather than direct the Court to specific

---

[1] The Court notes that Defendant did not object to any of the Magistrate Judge's factual findings in the Search R. & R. [Doc. 71, p. 1].

legal errors in the Search R. & R. and explain to the Court his basis for objecting. The Court finds these sorts of "umbrella" objections are improper and are insufficient to trigger *de novo* review.  Spencer v. Publix Super Mkts., Inc., No. 17-CV-03777, 2019 WL 2004136, at *2 (N.D. Ga. Mar. 21, 2019) ("The Court is not persuaded that this 'umbrella' objection constitutes a specific objection to a discrete finding or conclusion reached by the Magistrate Judge.  Rather, it is an implicit invitation to revisit essentially every . . . ultimate legal conclusion reached by the Magistrate Judge.").

Because only proper objections require a *de novo* review, this Court has reviewed the Search R. & R. for clear error and finds none.  In an abundance of caution, the Court has also reviewed the Search R. & R. *de novo* and discerns no error.  Defendant's objections to the Search R. & R. are therefore **OVERRULED**.

## II.  The Statements R. & R.

Like his objections to the Search R. & R., Defendant's objections to the Statements R. & R. are, in large part, improper general objections that do not prompt a *de novo* review.  Once again, in these objections Defendant broadly takes issue with the Magistrate Judge's conclusions of law and cites to his previous

filings in support of his legal objections.[2]  [Doc. 73].  For instance, Defendant does

not cite to any legal precedent to support his positions, but instead refers the Court

to his Motion to Suppress Statements, his Post-Hearing brief and his Reply brief.

Id. at 2.  The Court need not conduct a *de novo* review based on these improper

objections.  See Barrett v. Original Lender, MERS, No. 22-CV-02321, 2023 WL

6371008, at *1 (N.D. Ga. Feb. 24, 2023) (refusing to consider a plaintiff's

objections because the plaintiff "failed to identify the specific portions of the

Magistrate Judge's findings and recommendations to which he disagree[d] or

articulate an adequate legal ground or basis for any of his objections").

However, unlike his objections to the Search R. & R., Defendant does

include some bare explanation regarding his objections to the Statements R. & R.

[Doc. 73].  In an abundance of caution, the Court will analyze the three discernable

objections it finds in Defendant's filing.  Specifically, Defendant indicates that he

objects to the Magistrate Judge's conclusions that he:  (1) did not unequivocally

demand to have counsel; (2) was not promised leniency for his cooperation; and

(3) gave voluntary statements to law enforcement officers, including a spontaneous

---

[2] Defendant does not object to the factual findings in the Statements R. & R., though he
does object to some of the conclusions the Magistrate Judge drew from the facts.  [Doc.
73, p. 2].  To the extent Defendant makes any specific objections, the Court discusses
them in turn.

reference to pleading guilty. [3]  Id. at 2–3.  Although Defendant still fails to provide any legal basis for these objections, the Court will address them in greater detail and will review these findings *de novo*.

## A. The Right to Counsel

Defendant objects to the Magistrate Judge's finding that, during his time detained following the search of 57 Macon Place, Defendant did not unequivocally demand assistance of counsel.  In recommending denial of the motion, the Magistrate Judge found that, even accepting as true Defendant's assertion that he asked for a lawyer, he did so to "the air," not to any specific individual and not in the context of an interrogation by law enforcement.  The Magistrate Judge further found that Defendant was mirandized for each of his interrogations and consented to speak with the officers after acknowledging his *Miranda* rights.

After a *de novo* review, this Court finds no error in the Magistrate Judge's determination.  The Magistrate Judge correctly acknowledged that the only time Defendant asked to speak with a lawyer was to "the air" before any interrogation

---

[3] To the extent Defendant objects to the Magistrate Judge's characterization of the armored vehicle used during the warrant execution at the 57 Macon Place address, [Doc. 73, p. 2 n.1], the Court finds that this factual objection is **SUSTAINED**.  Specifically, there is evidence in the record to support Defendant's contention that law enforcement used the armored vehicle to breach the door of the house.  [Doc. 50, pp. 76–77].  However, the Court finds that this factual correction does not affect the legal conclusions in the R. & R.

took place. [Doc. 50, p. 154]. This is not unambiguous and unequivocal, and Defendant did not attempt to invoke his right to counsel at the proper time. <u>See</u> <u>United States v. Luna-Encinas</u>, 603 F.3d 876, 880 (11th Cir. 2010) (noting that a defendant is only entitled to be warned of his right to remain silent and to obtain counsel "when custodial interrogation begins" (citation modified)); <u>see also</u> <u>United States v. Baxter</u>, No. 21-CR-417, 2022 WL 20055433, at *9 (N.D. Ga. June 23, 2022) (finding that the defendant's statement was not sufficient to invoke the right to counsel where the defendant stated either "I'd have to get a lawyer" or "I have to get a lawyer" when asked whether he was willing to speak with agents without a lawyer present); <u>United States v. Garrett</u>, 805 F. App'x 709, 712 (11th Cir. 2020) (finding the defendant's statement insufficient to unambiguously invoke the right to counsel where the defendant said "I don't know what this is about just yet, but if it's something I'm not aware of, I'm probably going to want to have my lawyer present"). Additionally, the Court agrees that Defendant waived his right to counsel during each of the interrogations, and Defendant himself testified that he did not invoke his right to counsel before or during questioning. <u>See</u> [Doc. 50, pp. 156–57]. Thus, for the foregoing reasons, Defendant's objection as to the invocation of his right to counsel is **OVERRULED**.

**B. Alleged Promise of Leniency**

Defendant also objects to the Magistrate Judge's finding that Defendant's statements were voluntary, rather than improperly induced by promises made by law enforcement officers. Defendant's argument in support of this objection is inconsistent. In short, Defendant first argues that law enforcement offered him the opportunity to be "let go," and then testified that agents offered him a reduction in his sentence if he provided statements to law enforcement. [Doc. 72, pp. 2–3]. The Magistrate Judge found that Defendant's account lacked credibility, [Doc. 67, pp. 15–17], and this Court agrees.

At the outset, the Court notes that the agents consistently denied making any promises to Defendant during their interactions with him. [Doc. 50, pp. 25–27, 86, 89]. The Court also agrees that the inconsistencies in Defendant's argument, coupled with the lack of detail provided in Defendant's testimony, undermine any confidence in the credibility of Defendant's description of these interactions. Moreover, to the extent any agents made statements suggesting that Defendant's cooperation could help him if shared with the prosecutor, the Magistrate Judge correctly determined that such statements are not improper inducements or promises for purposes of suppression. See United States v. Clark, No. 16-CR-427, 2019 U.S. Dist. LEXIS 232255, at *65 (N.D. Ga. Aug. 1, 2019) ("A statement

made by a law enforcement agent to an accused that the accused's cooperation would be passed on to judicial authorities and would probably be helpful to him is not a sufficient inducement so as to render a subsequent incriminating statement involuntary." (quoting United States v. Davidson, 768 F.2d 1266, 1271 (11th Cir. 1985))).  Accordingly, Defendant's objection as to an alleged promise of leniency is **OVERRULED**.

### C. Voluntariness and Defendant's Spontaneous Admission

Defendant further objects to the Magistrate Judge's finding that his statements were voluntary and that he made a spontaneous statement on the way to the jail.  [Doc. 73].  In recommending denial of the motion, the Magistrate Judge found that the government bore its burden to show that Defendant's statements during custodial interrogation were voluntary and that Defendant did not meet his burden to establish that he was under custodial interrogation when he referenced pleading guilty on the way to the jail.  This Court agrees.

The "[d]efendant bears the burden of establishing that he was in custody and that his statements were made in response to government questioning.  The government bears the burden of proving that [the] defendant's statements were voluntarily given."  United States v. Hardeman, No. 15-CR-00094, 2016 U.S. Dist. LEXIS 61065, at *45 (N.D. Ga. Mar. 11, 2016) (internal citations omitted).  As the

Court previously explained, this Court concurs with the Magistrate Judge's finding that Defendant was adequately mirandized while under interrogation. This Court has also found that no improper promises were made to Defendant. Therefore, the Court finds that the government has met its burden to show that Defendant's statements were voluntary.

Defendant also asserts that he did not make a "spontaneous admission" on his way to jail. At the outset, the Court notes that the Magistrate Judge never referred to Defendant's statement on the way to the jail as a "spontaneous admission." Rather, the Magistrate Judge described this statement as a spontaneous reference to pleading guilty and a "spontaneous utterance." [Doc. 67, pp. 21–22]. The Court finds that the Magistrate Judge's description of this statement is appropriate. Testimony from the hearing reflects that Defendant "asked if he'd be able to enter a plea of guilty at the initial appearance" and that the statement was not in response to questioning by any law enforcement officer. [Doc. 50, pp. 91–92]. Indeed, at the hearing, the prosecutor asked the testifying agent if Defendant's reference to pleading guilty was a "spontaneous statement," and the agent replied that it was. Id. at 92. Thus, to the extent Defendant objects to the Magistrate Judge's description of this statement, the Court concludes that Defendant's objection lacks merit.

In sum, this Court finds no basis for suppressing Defendant's statements. Defendant's objections as to the voluntariness of his statements and the Magistrate Judge's characterization of his "spontaneous" utterance on the way to the jail are therefore **OVERRULED**.  Further, to the extent Defendant makes additional, general objections to the remainder of the Statements R. & R., the Court has reviewed the Statements R. & R. for clear error and under a *de novo* standard and finds no error.  Thus, all of Defendant's objections to the Statements R. & R. are **OVERRULED**.

## CONCLUSION

The Search R. & R. [Doc. 66] and Statements R. & R. [Doc. 67] are hereby **ADOPTED** as the order of the Court.  Defendant's objections are **OVERRULED**,[4] and Defendant's Motion to Suppress Search, [Doc. 37]; [Doc. 41], and Motion to Suppress Statements, [Doc. 38], are **DENIED**.

**SO ORDERED** this 3rd day of September, 2025.

_____
**J. P. BOULEE**
United States District Judge

---

[4] However, the Court **SUSTAINS** Defendant's objection regarding law enforcement's use of the armored vehicle to breach the door at the 57 Macon Place residence.  [Doc. 73, p. 2 n.1].