UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RODERICK BATTLE,<br><br>Defendant. | CRIMINAL ACTION NO.<br>1:23-CR-00280-JPB-JSA-1 |

**ORDER**

This matter comes before the Court on Chief United States Magistrate Judge Justin S. Anand's Report and Recommendation on Defendant's Motion to Suppress Phone Data (the "R. & R.") [Doc. 424]. This Court finds as follows:

**BACKGROUND**

The R. & R. sets forth the facts and procedural history of this case in detail. [Doc. 424, pp. 1–6]. In short, Roderick Battle ("Defendant") has been charged with, *inter alia*, drug trafficking and firearms offenses. [Doc. 53, p. 1]. On September 28, 2025, Defendant filed a motion to suppress the search of his phone. [Doc. 327]. In the motion, Defendant argues that investigators exceeded the temporal scope of a May 25, 2023, search warrant (the "2023 Warrant") in their initial search of Defendant's "Subject Device 2" (the "Device"). Id. at 2. The 2023 Warrant was largely limited to items "from December 2022 through the

present date." [Doc. 424, p. 3]. Defendant argues that investigators then used information outside of this time frame to obtain an additional August 15, 2024, warrant (the "2024 Warrant") to further search the Device. [Doc. 327, p. 2]. Thus, Defendant contends that any evidence obtained from the second search of the Device is inadmissible. Id. at 11. On April 13, 2026, the Magistrate Judge recommended that the Court deny Defendant's motion. [Doc. 424]. On May 29, 2026, Defendant objected to this recommendation. [Doc. 446]. This matter is now ripe for review.

## LEGAL STANDARD

A district judge has broad discretion to accept, reject or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of a Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected-to portion under a "clearly erroneous" standard. See also Fed. R. Crim. P. 59 (outlining the same standard).

Notably, a party objecting to a recommendation "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by a district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988). "It is critical that the objection be sufficiently specific and not a general

objection to the report." Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006). It is reasonable to place this burden on the objecting party because "[t]his rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (citation modified).

## ANALYSIS

In his objections, Defendant argues that the R. & R. applies unsupported favorable inferences to the investigators' initial search of the Device. [Doc. 446, pp. 5–7]. Defendant contends that certain statements in the 2024 Warrant affidavit confirm that the initial search exceeded the permissible scope of the 2023 Warrant, and that the Magistrate Judge incorrectly concluded that the initial search did not amount to a violation of the 2023 Warrant's temporal limits. Id. at 6–8. Further, Defendant argues that because the Government declined to "present evidence explaining why documents predating December 2022 were referenced in the 2024 [W]arrant affidavit," it failed to meet its burden to show that the "search remained within the warrant." Id. at 9–10. Accordingly, Defendant argues that the Court should suppress the fruits of the second search of the Device pursuant to the 2024

Warrant or require the Government to present evidence detailing the initial search. Id. at 2.

The Magistrate Judge considered multiple statements in the 2024 Warrant affidavit that Defendant argues are evidence that the initial search of the Device exceeded the 2023 Warrant's temporal limitations. [Doc. 424, pp. 16–18]. First, the Magistrate Judge considered a statement in the 2024 Warrant affidavit noting that investigators reviewed a text thread between Defendant and Codefendant Jackson. Id. at 17–18. This thread included evidence of drug trafficking activity within the permitted temporal limitation, as well as messages dating back to February 2021. Id. However, "[t]he Affidavit did not state that the investigators reviewed the *contents* of those earlier texts." Id. at 18 (emphasis added). The Magistrate Judge concluded that by merely "discern[ing] the dates of documents to review," the temporal scope of the 2023 Warrant was not exceeded. Id.

The Magistrate Judge also reviewed the 2024 Warrant affidavit statement that "[b]ased on agents' review [of the Device], data and items of evidentiary value on this device appear to date back . . . to 2019." Id. at 18. The R. & R. concluded that this statement did not establish a flagrant violation of the 2023 Warrant. Id. Regarding these additional items, the 2024 Warrant affidavit did not "state that the contents were substantively reviewed," nor did it describe those contents. Id.

Having conducted a *de novo* review, the Court agrees with the R. &. R.'s conclusion. When a search is conducted pursuant to a warrant, "the defendant has the burden of establishing that the warrant was defective or executed improperly." United States v. Hill, No. 1:12-cr-285, 2013 WL 6388759, at *14 (N.D. Ga. Dec. 6, 2013). The Court finds that Defendant has not met his burden to establish that the warrant was executed improperly. As the R. & R. concluded, none of the statements contained in the 2024 Warrant affidavit rely on specific information outside of the permissible date range, nor do they describe investigators conducting a substantive review of said information. [Doc. 424, pp. 16–18]. Accordingly, Defendant's objection is **OVERRULED.**

Next, Defendant objects to the Magistrate Judge's conclusion that information from Codefendants Walker and Callaway's devices served as an independent basis for probable cause to further search Defendant's Device. [Doc. 446, p. 12]. Defendant argues that even if evidence from Codefendants' devices suggests a "broader conspiracy timeline," said evidence would not establish probable cause to support the 2024 Warrant because it does not possess a sufficient nexus to the Device. Id.

"A sufficient basis for probable cause for a search exists when under the totality of the circumstances there is a fair probability that contraband or evidence

of a crime will be found in a particular place." United States v. Noriega, 676 F.3d 1252, 1261 (11th Cir. 2012) (quoting United States v. Lopez, 649 F.3d 1222, 1245 (11th Cir. 2011)). Fair probability "exists when the facts and circumstances would lead a reasonably prudent person to believe that the place to be searched contains contraband or evidence of a crime." Lopez, 649 F.3d at 1245. Having reviewed the 2024 Warrant affidavit, the Court agrees with the Magistrate Judge that the information extracted from Codefendants' devices could serve as an independent basis for establishing probable cause.

The 2024 Warrant affidavit states that Defendant was engaged in a drug trafficking operation and that Defendant and Codefendants Walker and Callaway's devices were recovered pursuant to a search conducted at 57 Macon Place. [Doc. 373-3, pp. 14–16, 19–22]. Codefendants' devices showed evidence of drug trafficking activity prior to December 2022. Id. at 20–21. Further, Special Agent Timonthy O'Brien described his expertise regarding drug trafficking practices, and the centrality of cellphone use between members of a drug trafficking organization. Id. at 11–12. It is also undisputed that the initial search of the Device uncovered evidence of drug trafficking activity within the permissible date range. Id. at 19–20.

Considering the totality of these facts, the Court agrees that probable cause to support the 2024 Warrant can be independently established without the challenged statements. See United States v. Vega-Cervantes, No. 1:14-cr-234, 2015 WL 4877657, at *17 (N.D. Ga. Aug. 13, 2015) (noting that "[e]ven without the [disputed] statement, the Affidavit contains sufficient information to connect [the defendant] to the drug trafficking"); see also Riley v. California, 573 U.S. 373, 401 (2014) (noting that "[c]ell phones have become important tools in facilitating coordination and communication among members of criminal enterprises"). Accordingly, Defendant's objection is **OVERRULED.**[1]

## CONCLUSION

For the foregoing reasons, Plaintiff's objections to the R. & R. are **OVERRULED** and the R. & R. [Doc. 424] is hereby **ADOPTED** as the order of this Court. For the reasons stated in the R. & R. and the reasons stated herein, Defendant's Amended Motion to Suppress Search of Seized Phone [Doc. 327] is **DENIED**.

**SO ORDERED** this 23rd day of September, 2026.

---

[1] Defendant also argues that the good-faith exception should not apply here. [Doc. 446, p. 13]. However, as the good-faith exception did not serve as a basis for Magistrate Judge's recommendation, the Court need not address this objection.

**J. P. BOULEE**
United States District Judge